RESOLUCIÓN
En reiteradas ocasiones este Tribunal ha promulgado un sistema judicial independiente con rma administración efectiva e imparcial de la justicia cimentada en la con-fianza de la ciudadanía. A estos efectos, hemos reglamen-tado los deberes generales de todos los jueces y todas las juezas que componen nuestro sistema de justicia. Exigimos a la Judicatura el cumplimiento con las leyes e, incluso, imponemos restricciones a nuestra conducta tanto en el ejercicio de nuestras funciones propiamente judiciales como en las personales o profesionales.
A la luz de los acontecimientos recientes, los Jueces Aso-ciados y las Juezas Asociadas que componemos esta Curia hemos advenido en conocimiento de una pesquisa iniciada por la Oficina de Administración de los Tribunales, diri-gida por la Directora Administrativa de Tribunales, Hon. Sonia Ivette Vélez Colón. La referida investigación ha sido encomendada al Ledo. César López Cintrón, a razón de $200 la hora hasta un máximo de $100,000 en seis meses. Todo ello se hizo con el aval y conocimiento del Juez Presi-dente, Hon. Federico Hernández Denton, sin la consulta ni notificación previa al Tribunal en Pleno.
Las expresiones vertidas concernientes a la investiga-ción demuestran el uso de fondos públicos encaminados a investigar el dispendio de recursos de la Rama Judicial, incluyendo al Tribunal Supremo. Asimismo, se indicó que ello responde a los señalamientos que surgieron mediante una querella presentada por un alguacil auxiliar contra el Juez Presidente. Estos, a su vez, han dado lugar a serias *501 investigaciones que realizan el Senado y el Departamento de Justicia.
La See. 7 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico y el Art. 2.016 de la Ley Núm. 201-2003, según enmendada, conocida como Ley de la Ju-dicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. sec. 24n, disponen que “[e]n la administración del Tribunal General de Justicia el Juez Presidente del Tribunal Supremo contará con la ayuda de un Director Ad-ministrativo de los Tribunales, quien también dirigirá la Oficina de Administración de los Tribunales”. Este funcio-nario tiene la encomienda y desempeña su cargo a discre-ción del Juez Presidente.
Las circunstancias particulares a las que hoy se en-frenta el Tribunal Supremo requieren la acción inmediata de los Jueces y las Juezas que lo componen. Así nos obliga el mandato dispuesto en la See. 7 del Art. V de la Consti-tución del Estado Libre Asociado de Puerto Rico, al dispo-ner que el “Tribunal Supremo adoptará reglas para la ad-ministración de los tribunales las que estarán sujetas a las leyes relativas a suministros, personal, asignación y fisca-lización de fondos, y a otras leyes aplicables en general al gobierno”. (Énfasis suplido.) Const. P.R., L.P.R.A., Tomo 1, ed. 2008, pág. 416. Dicha función recae en la totalidad de los miembros que forman el Tribunal Supremo. Véase Art. V, Sec. 3, Const. P.R., supra.
La Constitución del Estado Libre Asociado de Puerto Rico no le reconoce a la Administración de los Tribunales autoridad para realizar investigaciones disciplinarias so-bre la conducta de los Jueces y las Juezas del Tribunal Supremo. Estos solo “podrán ser destituidos por las causas y mediante el procedimiento” de residenciamiento que la Constitución coloca en manos de la Asamblea Legislativa. Art V, Sec. 11, Const. P.R., supra, pág. 418. Véase, además, el Art. Ill, Sec. 21, Const. P.R., supra. Por otro lado, la facultad de investigar la posible comisión de delitos y de *502 “hacer cumplir las leyes” recae en el Poder Ejecutivo. Art. IV, Sec. 4, Const. P.R., supra, pág. 403.
Más aún, resulta inapropiado que una funcionaría de confianza del Juez Presidente contrate servicios para rea-lizar una investigación sobre el uso de los fondos de la Rama Judicial relacionada con los serios señalamientos contra el Juez Presidente, Hon. Federico Hernández Den-ton, a quien ésta responde directamente. Lejos de fomentar la transparencia de los procedimientos e impulsar la con-fianza del Pueblo en nuestro sistema, estas actuaciones pueden constituir represalias e interferencias con testigos de las investigaciones realizadas por otras ramas de Gobierno.
En conformidad con nuestro deber de promulgar y defender la independencia del Poder Judicial y los preceptos de nuestra función constitucional, y en respuesta a la ne-cesidad de mantener mecanismos efectivos y trasparentes para atender aquellas investigaciones realizadas por la Rama Judicial que involucren o puedan involucrar a los Jueces y las Juezas que componen esta Curia o a su personal, establecemos las reglas siguientes:

Regla 1. Título

Estas reglas se conocerán como Reglas para los Procedi-mientos de Investigaciones Especiales Independientes de la Rama Judicial.

Regla 2. Fundamento jurídico

Estas reglas se aprueban en conformidad con las disposicio-nes del Art. V, Sec. 7 de la Constitución del Estado Libre Aso-ciado de Puerto Rico. Tienen el fin de garantizar la pureza de los procedimientos investigativos realizados con fondos de la Rama Judicial, incluyendo los miembros de la Judicatura y su personal, en la asignación y fiscalización de fondos y en cual-quier otro asunto de auditoría de recursos judiciales.

Regla 3. Alcance

Estas reglas regirán cualquier procedimiento investigativo realizado con fondos de la Rama Judicial relacionado con el *503 uso de su personal con la asignación y fiscalización de fondos y de recursos judiciales. Cualquier investigación de acuerdo con las reglas aquí dispuestas no podrá intervenir de forma al-guna con las investigaciones conducidas por otras ramas de Gobierno ni con los testigos o posibles testigos.

Regla 4. Solicitud de investigación

(a) El Juez Presidente o la Jueza Presidenta, cualquier Juez Asociado o Jueza Asociada del Tribunal Supremo, o el Director Administrativo o la Directora Administrativa de la Oficina de Administración de los Tribunales, podrá solicitar al Pleno del Tribunal una investigación al amparo de este Reglamento.
(b) La solicitud de investigación deberá cumplir con los si-guientes requisitos si es presentada por el Director Adminis-trativo o la Directora Administrativa de la Oficina de Admi-nistración de los Tribunales:
(1) Se formulará por escrito.
(2) Se formulará bajo juramento.
(3) Identificará al Juez Presidente o la Jueza Presidenta, al Juez Asociado o la Jueza Asociada, o el asunto promovido o incluido en la investigación.
(4) Expondrá brevemente los hechos que motivan la inves-tigación y el alcance de esta.
(5) Incluirá, además, cualquier otra información e identi-ficación de testigos y documentos que sustenten la solicitud de investigación.
(c) No se requerirá juramento al Juez Presidente o la Jueza Presidenta, a un Juez Asociado o una Jueza Asociada para que solicite la investigación.

Regla 5. Decisión para investigación

Luego de presentada una solicitud para investigación, el Tribunal en Pleno decidirá si ordena y remite el asunto a la Comisión de Investigación Especial Independiente del Tribunal Supremo para que se proceda con esta.
Las decisiones para estos asuntos requerirán la aprobación de por lo menos dos terceras partes de los Jueces y las Juezas que componen este Tribunal.

Regla 6. Comisión de Investigación Especial Independiente del Tribunal Supremo

(a) Creación — La Comisión de Investigación Especial Inde-pendiente del Tribunal Supremo queda establecida en confor-midad con la autoridad concedida por el Art. V, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico. La Co- *504 misión auxiliará al Tribunal en el ejercicio de su responsabili-dad concerniente a las investigaciones relacionadas con la ad-ministración de los tribunales que incluyan a los Jueces y las Juezas que componen el Tribunal Supremo o su personal.
(b) Composición — La Comisión se compondrá de un Presi-dente o una Presidenta y cuatro Comisionados Asociados o Comisionadas Asociadas, nombrados por el Tribunal.
(c) Nombramiento—
(1) Los miembros de la Comisión se nombrarán mediante una Resolución por el término que dure la investigación y que deberá exceder de seis meses, a menos que el Tribunal determine causa justificada para extender el plazo.
(2) El Tribunal podrá nombrar, además, un Comisionado Asociado Alterno o una Comisionada Asociada Alterna para aquellos casos en que alguno de los miembros de la Comisión no pueda continuar con la designación delegada.
(d) Requisitos — Los miembros de la Comisión serán ciuda-danos de probada idoneidad e integridad moral y uno de ellos deberá contar con conocimiento y experiencia en procedimien-tos de auditoría e investigación.
(e) Dietas — Los Comisionados o las Comisionadas tendrán derecho a recibir una dieta de $45 por día de trabajo.
(f) Funciones — La Comisión realizará la correspondiente in-vestigación y rendirá un informe al Tribunal Supremo dentro del término dispuesto para la encomienda. Al así hacerlo, ac-tuará conforme a las salvaguardas provistas por el principio del debido proceso de ley y sus funciones estarán enmarcadas dentro del más amplio grado de independencia de criterio, im-parcialidad y objetividad. El informe deberá contener una ex-posición de los hechos que dieron lugar a la investigación y un análisis de estos a la luz del derecho aplicable. El informe incluirá un apéndice de toda la prueba documental y referen-cia a cualquier documento que sostenga los hallazgos de la investigación realizada.
El expediente de la investigación de la Comisión es confi-dencial hasta que se disponga lo contrario o el investigado renuncie por escrito al carácter confidencial de este.
Luego de recibido el informe de la Comisión, el Tribunal podrá dar por concluida la investigación o devolverla para que se amplíe. La decisión a estos efectos deberá ser determinada de la misma manera que se dispone en la Regla 5 para que se comience la investigación.
(g) Esta Comisión funcionará desde la sede del Tribunal Supremo de Puerto Rico. Para garantizar su eficiencia operacio-nal, se instruye a la Oficina de Administración de los Tribuna- *505 les a facilitar los recursos y el apoyo que sean necesarios para cumplir con los propósitos dispuestos en este Reglamento.
(h) La Comisión no interferirá con la jurisdicción que la Constitución del Estado Libre Asociado de Puerto Rico con-fiere a las otras ramas constitucionales de gobierno. En ese sentido, cooperará con cualquier investigación dirigida a ejer-cer válidamente dicha jurisdicción en la medida que sea compatible con el descargo de la encomienda que emana de este Reglamento. De igual forma, velará por el cumplimiento de la Ley Núm. 426-2000, conocida como Ley para la Protección de los Derechos de Empleados y Funcionarios Públicos Denun-ciantes, Querellantes o Testigos de Alegados Actos Constituti-vos de Corrupción, 1 L.P.R.A. see. 601, a fin de proteger los derechos de los empleados y funcionarios públicos denuncian-tes, querellantes o testigos de alegados actos impropios o ile-gales en el uso de propiedad y fondos públicos, actos constitu-tivos de corrupción y violaciones a las leyes y reglamentos que rigen la conducta ética del servicio público.
Regla 7. Asuntos no previstos; órdenes en auxilio de la juris-dicción de la Comisión
El Tribunal Supremo determinará el trámite que se seguirá en los asuntos no previstos por estas Reglas, en la forma que garantice el cumplimiento de los propósitos de transparencia y sana administración pública que inspiran estos procedi-mientos.
Además, el Tribunal podrá emitir, por iniciativa propia o a petición de la Comisión, todas las órdenes que sean necesarias para proteger la jurisdicción de la Comisión y la integridad de su encomienda.

Regla 8. Vigencia

La vigencia de estas reglas será inmediata y aplicará a todo proceso vigente, comenzado o por comenzar al momento de la aprobación de estas. Cualquier contrato otorgado que no cum-pla con el procedimiento y los parámetros dispuestos por estas Reglas, quedará resuelto o rescindido, según sea el caso, y no podrá hacerse desembolsos de fondos públicos relacionados con ese contrato o cualquier otro gasto relacionado con la in-vestigación objeto de este.

Se ordena la publicación inmediata de esta Resolución.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Hernández Den-ton hace constar la expresión siguiente: “Por encontrarme *506 fuera del país participando de la Conferencia de Jueces Presidentes de Estados Unidos y porque la mayoría ha cer-tificado estas Resoluciones tan atropelladamente, me acojo al término reglamentario dispuesto en la Regla 5(b) del Reglamento del Tribunal Supremo para emitir un voto particular disidente. No obstante, deseo hacer constar que disiento de las Resoluciones que hoy se emiten por ser con-trarias a nuestro ordenamiento constitucional demo-crático. Mediante dichas Resoluciones, el Pleno del Tribunal usurpa unas prerrogativas y facultades que la Consti-tución delegó expresamente al Juez Presidente. Además, esta actuación de la mayoría tiene el efecto de precipitar una crisis constitucional innecesaria y mancillar la inde-pendencia judicial en su vertiente administrativa. Asi-mismo, lacera la imagen, la historia y la legitimidad de este Alto Foro, garante de los derechos constitucionales de los puertorriqueños.” La Jueza Asociada Señora Fiol Matta no está de acuerdo con el proceder de una mayoría del Tribunal recogido en esta Resolución por entender que repre-senta una actuación contraria a nuestro ordenamiento constitucional. Por consiguiente, se reserva el derecho a expresarse al respecto, conforme a la Regla 5(b) del Regla-mento del Tribunal Supremo. La Juez Asociada Señora Ro-dríguez Rodríguez hace constar la expresión siguiente: “Una mayoría del Tribunal decidió certificar la presente Resolución antes de la fecha informada ayer, por lo que no he tenido tiempo de expresarme sobre la actuación incons-titucional de este Tribunal. Por disentir del proceder de la mayoría, hago constar que me acojo al término reglamen-tario de la Regla 5 del Reglamento del Tribunal Supremo de Puerto Rico para emitir una expresión oportunamente.”
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo